In re Mary T. SYDOR, Debtor.

JOSEPH NATHANSON & SHOREHAVEN ASSOCIATES, INC., Plaintiff,

v.

Mary T. SYDOR, Defendant.

Bankruptcy No. 191–10275–352.
Adv. No. 191–1196.

United States Bankruptcy Court,
E.D. New York.

Sept. 11, 1991.

**244**

Harold Jones, U.S. Trustee for the D. New York, New York City.

Rosenberg, Rosenberg & Weiner, Brooklyn, N.Y., Bruce Weiner, for debtor.

*Order Appointing the United States Trustee For this District to Prosecute a Criminal Contempt Proceeding Against the Defendant*

MARVIN A. HOLLAND, Bankruptcy Judge.

Pursuant to Bankruptcy Rule 9020(b), Fed.R.Bankr.P. § 9020(b) and Rule 42(b) of the Federal Rules of Criminal Procedure, Fed.R.Crim.P. § 42(b), the United States Trustee for the Districts of New York, or an attorney appointed by him, is hereby appointed to bring and prosecute criminal contempt proceedings against the defendant pursuant to 18 U.S.C. §§ 401(1) and (3).

### I. *Statement of Facts*

1. The debtor filed a petition under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) Pro–Se on January 14, 1991.

2. On January 24, 1991, creditors, Joseph K. Nathanson and Shorehaven Associates (hereinafter "Nathanson") filed a motion for relief from the automatic stay. A hearing was held on February 19, 1991 and the court granted the motion. An order to that effect was entered on February 27, 1991. The debtor filed a notice of appeal to the District Court for the Eastern District of New York. In addition, an attorney on behalf of the debtor filed an Order to Show Cause and an application seeking to stay the court order pending the appeal. At a hearing held on April 2, 1991 that application was denied and an appropriate order was entered on April 11, 1991.

3. On April 15, 1991 Nathanson filed a complaint (Adv. Pro. No. 191–1196) and an application for an Order to Show Cause. In the complaint the plaintiff stated that subsequent to the District Court's denial of the debtor's motion for a stay pending appeal on April 8, 1991, the debtor, on April 9, 1991, transferred the property to one named Ilka Aday for no consideration. The complaint further alleged that two days later, on April 11, 1991, Ilka Aday filed a petition under chapter 11 of the Bankruptcy Code in the District of New Jersey. The complaint requested a declaration that the transfer was null and void; that the debtor be enjoined from further transfers of estate property; and that the debtor be held in contempt or certified for contempt to the District Court.

4. By an Order to Show Cause signed on April 15, 1991 this court directed the debtor to appear and answer the complaint on April 24, 1991 and to file answering

papers by April 22, 1991. The court directed the plaintiff to serve the summons, the complaint, and the Order to Show Cause on the debtor, Ilka Aday and the United States Trustee for the District of New Jersey and for the Eastern District of New York by overnight delivery and by first class mail on or before April 16, 1991. An affidavit of service to that effect was filed with the Clerk of the Court on April 17, 1991.

5. At the scheduled hearing date, in face of no opposition papers and no appearance by the debtor or on her behalf, the court granted Nathanson oral motion for default judgment. Nathanson settled a default judgment and a proposed order on the debtor to be signed on May 6, 1991. In the meantime, although no judgment had yet been entered, the debtor filed papers entitled "Motion to Vacate Judgment by Default" based on her being ill on the scheduled hearing date supported by a handwritten letter signed by Maximo Levin, M.D. of the Finlay Medical Group. The motion papers, however, did not carry any return date. On May 22, 1991 the debtor filed supplemental papers stating that the hearing will be held on June 12, 1991 at 11:00 A.M.

On May 23, 1991, the court signed the default judgment. The judgment recited that the transfer of the property was totally unauthorized and violated 11 U.S.C. § 363(b)(1). The debtor was enjoined from any further transfers of her estate property without court authorization.

On the same date the court signed an Order holding the debtor in civil contempt and sanctioned her by directing payment to Nathanson of $13,148.25 based on the actual costs incurred by Nathanson as a result of the unauthorized transfer of the property. The court further ordered that payment should not be made out of property of the estate. The court directed Nathanson to serve a copy of the Order on the United States Attorney for the Eastern District of New York in order to enable him to investigate whether the debtor committed bankruptcy crime pursuant to 18 U.S.C. § 153.

6. On June 7, 1991 Nathanson filed papers in opposition to the debtor's motion to vacate the default judgment.

7. Although the attorney for Nathanson appeared in court on June 12, 1991, the return date stated on debtor's motion to vacate the default judgment, the debtor did not appear and the matter did not appear on the court's calendar, apparently due to the debtor's failure to take the necessary procedural steps in order to add the matter on to the calendar.

8. On June 28, 1991 the court issued, *sua sponte*, an Order to Show Cause, returnable on July 17, 1991, for the debtor to show cause why the case should not be dismissed, or in the alternative, converted to a case under chapter 7 of the Bankruptcy Code due to the debtor's failure to properly deal with property of the estate and failure to file reports of financial operations timely.

9. On July 3, 1991 Nathanson moved by notice of motion seeking to hold the debtor in criminal contempt returnable on July 17, 1991. The motion papers were properly served on the debtor.

10. On the July 17, 1991 return date, the debtor appeared. The debtor consented to the conversion of the case but did not offer any argument or evidence in opposition to the criminal contempt motion. The court granted the motion from the bench and directed Nathanson to settle on the debtor, an order certifying the criminal contempt to the District Court for this District. Such a certificate was settled for signature on August 1, 1991 and was properly served on the debtor and the attorney who filed a Bankruptcy Rule 2016(b) statement on August 7, 1991 stating that he represents the debtor solely for purposes of the criminal proceedings referred to the District Court.

11. On July 31, 1991 the United States Trustee for this District appointed Gregory Messer, Esq. as the chapter 7 trustee for this case.

II. *Probable cause exists for prosecution of criminal contempt proceedings*

1. Nathanson based its request for criminal contempt on two counts:

(i) Debtor's failure to comply with the civil contempt order dated May 23, 1991, and;

(ii) Debtor committed perjury to be described hereinafter.

2. (i) On February 11, 1991 the debtor gave a sworn deposition at the office of the attorneys for a secured creditor during which she stated, under oath, that she had no interest in any business and never had any such interest.

(ii) On February 19, 1991, at a hearing before the Bankruptcy Court, the debtor testified, under oath, that she never had any interest in a business.

(iii) In August 1987, the debtor had signed mortgage documents as vice-president of Ark Realty Development Corporation, her predecessor in title with respect to the property, that was eventually transferred to Ilka Aday. Ark had transferred the property to the debtor immediately before the debtor filed her petition.

(iv) In June 1991, the debtor filed a sworn affidavit in the Bankruptcy Court for the District of New Jersey, in support of Ilka Aday's bankruptcy petition. In that affidavit, she stated that she held a major interest in Ark Realty Development Corporation.

3. 18 U.S.C. § 401 provides:

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as:

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice.

\* \* \* \* \* \*

(3) Disobedience or resistence to its lawful writ, process, order rule, decree or command."

4. This court is of the opinion that the perjury committed by the debtor while testifying before this court constitutes a contemptuous conduct under 18 U.S.C. § 401(1). The court is of the opinion further that the debtor's failure to comply with the civil contempt order dated May 23, 1991 constitutes contemptuous conduct under 18 U.S.C. § 401(3). The court is also of the opinion that the transfer of the debtor's property in violation of 11 U.S.C. § 363(b)(1) constitutes contemptuous conduct under 18 U.S.C. § 401(3).

5. The court notes the debtor's total disregard of the duties imposed upon her by the Bankruptcy Code and Rules. The debtor actively participated only in those proceedings she wished to, while totally ignoring others. The debtor did not file opposition papers to the complaint filed by Nathanson; the debtor did not appear at a hearing scheduled by her to consider her own motion to vacate the default judgment; the debtor did not comply with the civil contempt order nor offered any explanation or justification for such a behavior; the debtor did not file opposition papers to the criminal contempt motion and did not offer any substantive oral opposition to it.

■ The fact that the debtor appeared pro-se is no excuse. Pro-se litigants, even if entitled to some latitude, cannot abuse that latitude. An unrepresented party cannot be advantaged based on lack of knowledge or familiarity with the relevent law and rules. This is more so with respect to the debtor herein who did retain an attorney to handle her appeal from this court order vacating the automatic stay and also retained an attorney to handle the criminal contempt proceeding which the court directed to be certified to the District Court.

### III. *Jurisdiction Over Criminal Contempt Proceedings*

■ 1. The court originally directed Nathanson to settle papers certifying the criminal contempt issue to the District Court for this District based on the uncertainty with respect to the Bankruptcy Court's jurisdiction over such proceedings. Since the issue had neither been briefed nor argued the court will not address the issue herein. The appropriate forum for the prosecution of the criminal contempt proceedings against the debtor is left, therefore, for the discretion of the United States Trustee.

2. In light of the severity of a criminal contempt judgment the court believes that the procedural requirements should be strictly followed. Therefore, even though the debtor was properly served with the motion papers which clearly indicated that

the proceedings are criminal contempt proceedings, and even though the debtor did not file opposition papers, and even though the debtor appeared at the scheduled hearings and did not offer any evidence or reliable arguments in her defense, the court believes that an attorney who represents an adverse party should not be the one who prosecutes a criminal contempt proceedings. The court believes therefore that certifying the proceedings to the District Court is not the preferable approach.

3. The court expresses no opinion as to whether or not the uncontested and unanswered factual allegation advanced in the motion papers would carry res judicata or collateral estoppel effect in the contempt proceedings to be instituted in accordance with this Order.

It is therefore:—

ORDERED, that the United States Trustee for the Districts of New York, himself or by an attorney designated by him, is hereby appointed to bring and prosecute a criminal contempt proceedings against the debtor consistent with the content of this Order.